TERRY L. KEEHN
Name
715925
Prison Number
ANCHORAGE CORRECTIONAL Complex
Place of confinement
1300 E 4th Ave
Mailing address
Anchorage AK 99501
City, State, Zip
907-268-9469 (message only)
Telephone

RECEIVED OCT 17 2017 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TERRY LEE KEEHN II & CASEY LEIGH KEEHN
(Enter full name of plaintiff in this action)

Plaintiff,

vs.

A.S.T MIKE INGRAM
A.S.T DAVE DECOVER,
A.S.T DAVID HANSON
A.S.T HANS BRINKE,
ASSISTANT ALASKA STATE ATTORNEY
ALEX ALEXANDER,
(Enter full names of defendant(s) in this action.
Do NOT use *et al.*)

Defendant(s).

Case No. 3:17-CV-00220 RRB
(To be supplied by Court)

**PRISONER'S
COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U.S.C. § 1983**

## A. Jurisdiction

Jurisdiction is invoked under 28 U.S.C. § 1343(a)(3).

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of TERRY & CASEY KEEHN,
(print your name)

who presently resides at 1300 E 4th Ave Anchorage AK 99501
(mailing address or place of confinement)

were violated by the actions of the individual(s) named below.

2. **Defendants** (Make a copy of this page and provide same information if you are naming more than 3 defendants):

Defendant No. 1, __MIKE INGRAM__ is a citizen of __ALASKA__ (state), and is employed as an __ALASKA STATE TROOPER__ (defendant's government position/title).

__X__ This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
____ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 2, __David DeEoyer__ (name) is a citizen of __Alaska__ (state), and is employed as an __ALASKA STATE TROOPER__ (defendant's government position/title).

__X__ This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
____ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 3, __David Hanson__ (name) is a citizen of __Alaska__ (state), and is employed as an __ALASKA STATE TROOPER__ (defendant's government position/title).

__X__ This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
____ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

***REMINDER***
You must exhaust your administrative remedies before your claim can go forward.
THE COURT MAY DISMISS ANY UNEXHAUSTED CLAIMS.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and facts supporting them if necessary. Make copies of page 5 and rename them pages 5A, 5B, etc. and rename the claims, "Claim 4," "Claim 5, etc.").

Prisoner § 1983 - 2
PS01, Nov. 2013

2. **Defendants** (Make a copy of this page and provide same information if you are naming more than 3 defendants):

Defendant No. 4, **HANS BrinKE** _____ is a citizen of
(name)
**AlasKa** _____, and is employed as an **Alaska State Trooper**.
(state)                                              (defendant's government position/title)

_X_ This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 5, **Alexander Alexander** _____ is a citizen of
(name)
**Alaska** _____, and is employed as an **Assistant State Attorney**.
(state)                                              (defendant's government position/title)
                                                     **Special Prosecutions**

_X_ This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 3, ~~_____~~ is a citizen of
(name)
_____, and is employed as a _____.
(state)                                              (defendant's government position/title)

____This defendant **personally participated** in causing my injury, and I want **money damages**.
OR
____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

***REMINDER***
You must exhaust your administrative remedies before your claim can go forward.
THE COURT MAY DISMISS ANY UNEXHAUSTED CLAIMS.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and facts supporting them if necessary. Make copies of page 5 and rename them pages 5A, 5B, etc. and rename the claims, "Claim 4," "Claim 5, etc.").

Claim 1: On or about **13th January 2016**, my ~~civil~~ Constitutional right to
(Date)
be free from **Search & Siezure** without probable cause
(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom from cruel and unusual punishment, etc. List **only one** violation.)
was violated by **AST MIKE INGRAM**
(Name of the specific Defendant who violated this right)

Supporting Facts (Briefly describe facts you consider important to Claim 1. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 1.):

**BACKGROUND**

ON DEC 1, 2015 Sara Johnston was in a fatal car wreck. Sara was a close friend. Imediately Scott Hagy called and asked for Saras property. We knew that Sara was harrassed by Scott years prior and she had nothing to do with him. Scott began Harrassing and following us, sitting outside our house, then on Dec 28, Terry Keehn gets a phone call from AST MIKE Ingram, telling us to return Saras belongings to Scott Hagy. Terrey said get a warrant and disconnected. This started in motion many violations of the (Keehns) constitutional rights.

First Mr KEEHN was listed at Saras Place of Employment as Her Emergency contact and Next of Kin. After the Providence Hospital called Her Employer and recieved that Information, it was passed to the Alaska State Troopers, where a Seargant called Mr Keehn because Sara wrote Him as Her "father" on Emergency Contact. Mr Keehn met trooper at Walgreens in Wasilla to recieve the news of her tragedy. Then went Right home two blocks away. Followed by the Troopers.

**FACTUAL BASIS**

IN INGRAMS AFFIDAVIT HE USED Judicial Deception when applying for warrant.
1) THE Confidential Informant.

1) The complaint from the C.I. was on Oct 10th but states that an Aspin check of the phone number it originated from was registered to the Plaintiff on Oct 24th. One day after his birthday since it was a birthday gift. The CI also only refered to her friend giving massages and having missed appointments, nothing about prostitution or sex trafficing was relayed but in Affiants statement the words prostitution were added.

2) Then in Scott Hagy's statement he states "I know Sara was up to something I just didn't know what." But when affiant quotes him for the Affidavit, Ingram stated that Hagy told Ingram that Sara and Ashley Hunter mentioned they were prostitutes that worked for the Plaintiff. (Judicial Deception)

3) Further Scott Hagy hadn't had contact with Sara for many years, this was verifiable with Saras phone, facebook, and by friends or her boyfriend of 4 years Eric Hunter.
Scott Hagy is Emily Johnstons Ex-Stepfather of 10 years ago. Emilys mother was not Saras mother so there is no relation between Hagy and Johnston so this put in the affidavit was deceptive to make Hagy's statements more than simple hearsay. Infact Hagy said on Facebook that "He told Ingram he was only Emilys stepfather," and Ingram said to Hagy "Same difference". (Judicial Deception)
This information was in Saras phone with pictures that were taken by Sara and uploaded to Backpage of Sara and other girls. Ingram had to get rid of phone as evidence that could be exculpatory. Ingram and Hagy disposed of Saras phone. Ingram never cooberated anything Hagy told him because the Affidavit would fail.

4) Ingram called Plaintiffs on Dec 28 2015 and demanded Keehns to give Sara Johnstons belongings to Scott Hagy; Plaintiff stated "It is a civil case, Am I under arrest?" Ingram replied "No", And Keeh said 'get a warrant or proceed to civil court, I'm done being Harrassed by Scott Hagy.
Ingram omitted this phone conversation in Affidavit. Affiant told court later that this conversation never happened. (Judicial Deception).

5) Ingram never mentioned in Affidavit that the apartment he He asked to search was only rented 5 days prior to warrant and not one person stayed at the apartment. Plaintiffs were in Kenai for 5 days after apartment was paid for. There is no nexus connecting that place requested to search with any illegal activity or any evidence that anything would be found or suspected at residence to be searched. (Judicial deception)

6.) Ingram stated in Affidavit that he wanted cell phones that may be used to post to sites like "backpage", but left out that neither of the Plaintiffs phone numbers were ever used or posted on "backpage" or any escort website.

7) THE Allegations came from a rented property in wasilla 3 months before the search warrant. The U.S. Marshalls rented a Condo next to the Plaintiffs for 3 months and concluded there was no Sex trafficing Venture and no probable cause to get a search warrant.

8) Ingram stated in Affidavit that Plaintiff had arrests in past for sex crimes and weapon charges which is false information.

It is clearly established that Judicial Deception may not be employed to obtain a search warrant, and renders said warrant illegal, violating my Fourth and Fourteenth Amendment to the Constitution for which I seek relief.

Claim 2: On or about 13th day January 2016, my civil right to Fourth Amendment to Constitution of United States
(Date)
(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom from cruel and unusual punishment, etc. List **only one** violation.)
was violated by ALASKA STATE TROOPER MIKE INGRAM
(Name of the specific Defendant who violated this right)

Supporting Facts (Briefly describe facts you consider important to Claim 1. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 1.):

A.S.T Mike Ingram served search warrant 3AN-16-111SW after arresting my wife Casey Keehn and myself, reading us our rights and holding us for 3.5 hours in rear of Police car while warrant was served. We asked for copies or to see the warrant and was refused. Mike Ingram used the warrant as a pretext for a general search of property not listed on the warrant, and that had nothing to do with evidence of a crime. Ingram went outside the boundries of the warrant on his own to box up personal effects, a jewlery box, cash, family photos, court papers, personal paperwork a personal laptop and two cameras and after other officers left residence, Ingram filled out the warrant reciept alone and listed this box under Inventory as "safe keeping", but didnot include individual items inside the box on the Inventory reciept. Ingram didnot log this box of personal effects into evidence, or as evidence. He simply kept the property and met up with Scott Hagy the next day to hand of the property to be disposed of and never recovered. This denied Terry and Casey Keehn of thier property which is also in violation of 18 USCS 2234. Casey Keehn did not give permission for any property to be removed that was not approved in warrant.

Prisoner § 1983 - 3
PS01, Nov. 2013

Claim 3: On or about 28 January 2016, my Constitutional right to 4th amendment right freedom from unnessisary search
(Date)
(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom from cruel and unusual punishment, etc. List **only one** violation.)

was violated by AST MIKE INGRAM, AST Dave DeCoeur
(Name of the specific Defendant who violated this right)

Supporting Facts (Briefly describe facts you consider important to Claim 2. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 2.):

ON 28 January Ingram and DeCour returned to the residence of Plaintiffs with search warrant 3AN-16-249 SW for firearms of .40 and .45 caliber.
On approach Casey Keehn was outside walking the dog and smoking. Ingram waited and followed her back inside, never patted her down "for safety" or asked if she had any firearms.
Casey Keehn is a Veteran and is not a felon. She can own firearms. This warrant was only to Harrass the Keehns further.
MIKE INGRAM decides to have the two females that are present strip searched. No one is under arrest noone was giving the reasonable suspicion that after a very aggresive pat down, that they had large firearms concealed. The strip search in our home was only to degrade further. The Supreme court holds that nobody outside of a Jail facility or not under arrest for FELONY charges should ever be subject to strip search. INGRAM AlSO Dumped out food containers and Condiments like Ketchup and mustard. This was to ruin food and Further Harrass Plaintiffs.

Prisoner § 1983 - 4
PS01, Nov. 2013

Casey exercized her Miranda right on Audio in patrol Car as Ingram questioned her on recorded Audio and never asked if he could remove anything not listed on the warrant.

Ingram can be heard on Audio when questioning both plaintiffs seprately, He immediately asks "where Sara Johnstons belongings are? This proves he used the warrant as a pretext to look for items Scott Hagy requested Ingram to find.

7 days after warrant was served Ingram takes a statement from Ashley Hunter. The first Question Ingram asks Ashley is "where is Sara Johnstons belongings?" Ashley states "Her things are in my Grandfathers shed". All on Audio record. This proves the box taken from the Plaintiffs could not have been what Ingram and Hagy were looking for, and it proves that Ashley Hunter never talked to Ingram or Hagy prior to her statement. (Judicial deception)

According to Ingrams suplemental Police reports he met up with Scott Hagy the following day (Jan 14 2016) and gave Hagy a box of Items that were stolen by Ingram from Plaintiffs. Manipulating evidence destroying items that would have helped in Plaintiffs defense and denying Plaintiffs of irreplacable property depriving Plaintiffs of Fourth and Fourteenth Amendment oF their Constitutional rights.

We are seeking relief from loss of liberty, property, privacy Both persons sense of security, Individual dignity loss of wages incurred by false incarseration, Emotional distress and Furtherance of Plaintiff Casey Keehn Post tramatic stress disorder.

The Constitution gaurentees the right to not be searched in our own home without probable cause and the Supreme Court of United States reiterates many times through Statutes and Case law that no person shall be submitted to a strip search unless its a felony arrest and performed at a Jail Facility.

Plaintiffs seek relief for loss of security, loss of privacy individual dignity and appropriate emotional distress all caused by Defendants violating Fourth Amendment Rights.

The Defendants conspired to deprive Plaintiffs of their Constitutional rights as provided above and committed overt acts in furtherance of said depravation.

claim 4 On or about 13 January 2016 my constitutional and civil rights were violated. My right to be free from illegal search and seizure and right to due process. Fourth and Fourteenth Amendment of U.S. Constitution. Caused by David Hanson (LT for AST) Hans Brinke (Col. for AST)

### Supporting Facts

LT. David Hanson and Col. Hans Brinke are responsible to train and supervise Alaska State Troopers and assure public to be free from violation of Constitutional rights by Troopers.

Both LT. David Hanson and Col. Hans Brinke are responsible for repremanding and discharging any Troopers that violated the policies, customs or patterns of investigations and techniques, provided in said training by Alaska State Troopers.

1) Both Individually and in concert deprived Plaintiffs of property, liberty without due process of Law.

2) Defendants deprived them of their first and Fourteenth Amendment (right to access court) by the disposing and distruction of exculpatory evidence and not making it available to the prosecutor and defense attorney.

3) The A.S.T's policies, customs, or patterns and practice of investigative misconduct was also reflected in response from LT. David Hanson to Plaintiffs, Admitting the violations but stating (unfounded). This has been included in the file as evidence for fear of retaliation and it disappearing.

This type of misconduct is evident in prior cases investigated by A.S.T. in past, which upon information and belief were known to these two defendants and other supervisors and policy makers of A.S.T. prior to the Keehn investigation. The misconduct committed in those cases by A.S.T officers

including Ingram who is lead investigator in Keehns case by A.S.T, was actually or constructively known to A.S.T supervisors and policy makers prior to the Keehn search warrant - including by means of their direct participation in the repramand and internal investigation of Ingram in 2009 for his involvement and manipulation/planting of evidence in the search of Beauford Horman residence in Wasilla.
Failure to discharge Ingram for this infraction is a direct cover up or participation in the deprivation of Plaintiffs Constitutional Rights

4) Prior to and at the time of the unlawful search warrant of the Keehns, by and through final policy makers they failed to adequately train and supervise their officers regarding fundamental, basic investigative tasks implicating the Federal Constitutional Rights of witnesses and suspects including but not limited to manipulating and or planting and or removing and or destroying evidence and not documenting and disclosing exculpatory evidence.

5) Each defendant failed to intervene and prevent the other defendants from violating Plaintiffs constitutional rights. Each defendant failed to accknowledge and reprimand or discharge Ingram after being notified by Plaintiffs that the violation of their rights had occured.

With the reasons stated above Defendants individually and in concert officially, deprived Plaintiffs of property, liberty, privacy, sense of security and individual dignity.
Losses accured because of invalid search warrant including property, lossed wages, emotional distress and possessions stolen.

Claim 5: on or about 20 day of January 2016 my civil right to due process as stated in the First and Sixth amendment was violated by Assistant District Attorney Alex Alexander

Supporting Facts.

On or about 20th of January 2016 The defendant went outside of his official Judicial courtroom duties and his Offical Capacity as an ASST. STATE Prosecutor to relay false information to the Frontiersman Newspaper in wasilla.

The Defendant in his attempt to taint the Fair Jury pool gauranteed by the Constitution with Slander and untrue statements made to him by Investigator Ingram.

The article reads "Plaintiff showed up at fatal scene of Car wreck to and stated he was Sara Johnstons father, Keehn identified Saras remains and lied to officer about his relation to Sara.

Defendant also said I had prior convictions of Aggravated Sexual Abuse to a minor, Knowing this to be untrue.

Reporting false information to newspapers is outside of his job duties as a prosecutor and should not be granted absolute immunity.

**D. Previous Lawsuits**

1. Have you begun other lawsuits in **state or federal court** dealing with the **same facts** involved in this action, **or otherwise relating to your imprisonment**? _____ Yes _X_ No

2. If your answer is "Yes," describe each lawsuit.

a. <u>Lawsuit 1</u>:

Plaintiff(s): _none_____

Defendant(s): _____

Name and location of court: _____

Docket number: _____ Name of judge: _____

Approximate date case was filed: _____ Date of final decision: _____

Disposition: _____ Dismissed _____ Appealed _____ Still pending

Issues Raised: _____

b. <u>Lawsuit 2</u>:

Plaintiff(s): _____

Defendant(s): _____

Name and location of court: _____

Docket number: _____ Name of judge: _____

Approximate date case was filed: _____ Date of final decision: _____

Disposition: _____ Dismissed _____ Appealed _____ Still pending

Issues Raised: _____

3. Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?

_____ Yes _X_ No

If your answer is "Yes," describe each lawsuit on the next page.

**F. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. Damages in the amount of $ __2 million__

2. Punitive damages in the amount of $ __200,000__

3. An order requiring defendant(s) to __discharge Troopers after first time they are caught manipulating evidence or planting evidence.__

4. A declaration that ____

5. Other: ____

Plaintiff demands a trial by jury. ____ Yes __X__ No


## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that s/he is the plaintiff in the above action, that s/he has read the above civil rights complaint and that the information contained in the complaint is true and correct.

Executed at __Anchorage Correctional Complex__ on __10 August 2017__
(Location) (Date)

_____
(Plaintiff's Signature)

_____  _____
Original Signature of Attorney (if any)  (Date)

_____
_____

Attorney's Address and Telephone Number

Terry Keehn - 715925
Anchorage Correctional Complex - East
1400 East 4th Ave
Anchorage AK 99501





COMMERCIAL BASE PRICING

## USPS PRIORITY MAIL

MAIL ROOM
ANCHORAGE CORRECTIONAL COMPLEX
1400 EAST 4 TH AVE
ANCHORAGE AK 99501

SHIP TO: CLERK COURT US DISTRICT COURT
222 W 7TH AVE STOP 4
**ANCHORAGE AK 99513-7504**

USPS TRACKING #



9205 5901 6051 2000 0403 66

ELECTRONIC RATE APPROVED #901605120
BOX 1 OF 1
Priority Mail is a registered trademark of the U.S. Postal Service